## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

CRAIG T. GOLDBLATT  
JUDGE

824 N. MARKET STREET  
WILMINGTON, DELAWARE  
(302) 252-3832



February 21, 2024

**VIA CM/ECF**

 Re: *In re AP Orangevale, LLC*, No. 23-10687

Dear Counsel:

 The debtor asserts that it holds a leasehold interest in a shopping center.[1] Cable Park contends that the debtor's lease has expired, and that Cable Park now has the right of possession to the shopping center.[2] That dispute is pending in an action that the parties describe as the "unlawful detainer action" in the Sacramento County Superior Court in California.[3]

 In addition to the unlawful detainer action, the same parties are also involved in a damages action in the same court, to which they refer as the "contract action." The contract action involves both claims by the debtor against Cable Park for unpaid

---

[1] AP Orangevale LLC is referred to as the "debtor."

[2] Cable Park Property Owner, LLC is referred to as "Cable Park."

[3] The background of that dispute is described in detail in this Court's August 8, 2023 Memorandum Opinion. *See* D.I. 91.

rents and other damages, as well as a counterclaim by Cable Park for attorneys' fees. Those claims are apparently subject to an arbitration agreement.

Cable Park has sought stay relief, seeking to initiate an arbitration in which it would (a) ask for a determination that it is not liable to the debtor on the various damages actions and also (b) affirmatively seek the recovery of its attorney's fees.

The law is clear that these two requests are examined separately. "All proceedings in a single case are not lumped together for purposes of automatic stay analysis."[4] Rather, "[w]ithin a single case, some actions may be stayed and others not. Multiple claim … litigation must be disaggregated so that particular claims, counterclaims, crossclaims and third-party claims are treated independently."[5]

At a hearing held on January 24, 2024, the Court ruled that it would deny Cable Park's motion for relief from stay to the extent it sought to recover attorneys' fees. The basis for that ruling was that there is at least some prospect that those claims may be effectively mooted, depending on the resolution of the unlawful detainer action. Because both parties expect that matter to be resolved in the coming weeks, the Court concluded that it await a resolution of that dispute before considering whether to lift the stay to permit Cable Park to initiate an affirmative claim against the debtor.

---

[4] *Maritime Elec. Co., Inc. v. United Jersey Bank*, 959 F.2d 1194, 1204 (3d Cir. 1991).

[5] *Id.*

The Court's oral ruling, however, was less than clear on the question whether Cable Park could initiate an arbitration solely for the purpose of seeking a determination that it is not liable to the debtor on the debtor's affirmative claims. As a result, the parties have submitted competing forms of order, with Cable Park's form of order permitting the declaratory judgment action to proceed in arbitration and the debtor's form of order precluding it.

The confusion on this issue is the Court's fault. During the course of the January 24, 2024 hearing on the motion, the Court suggested that the automatic stay might not be applicable to a declaratory judgment brought by a party against the debtor seeking a declaration that the party does not owe an amount that the debtor asserted was due to it.[6] The rationale was that the Bankruptcy Code puts substance over form, and that while the party in such a case is nominally the defendant, because the underlying claim at issue is not a claim against the debtor or the bankruptcy estate, the stay should not apply to it.

That is an interesting theory. But it is wrong. In the Court's (partial) defense, there is kernel of truth behind the Court's comments. In the context of interpleader, courts have held that the fact that a debtor is a nominal defendant does not mean that an action is barred by the automatic stay. For example, in *Price & Pierce*, the District Court for the Southern District of New York held that an interpleader action in which the debtor was named as a defendant could proceed notwithstanding the

---

[6] Jan. 24, 2024 Hr'g Tr. at 34.

automatic stay.⁷ There, the party holding the funds – as to which both the debtor and another party claimed an interest – paid the funds into the court's interpleader fund, and named both of the claimants as nominal defendants to permit the court to determine which of them was entitled to the funds. The court found the interpleader case was less obvious than one where the debtor was plaintiff and the automatic stay clearly would not apply.⁸ But even so, the court ruled that "the right to pursue an interpleader action is not affected by the fact that one of the claimants has filed a petition in bankruptcy" since "[a]ny broader reading of § 362 would not serve the purposes of the section and would unduly handicap the efforts of [the other parties] to resolve this dispute."⁹ In the context of interpleader, then, courts look beyond who is nominally the plaintiff and the defendant and permit the interpleader to go forward where the debtor is simply one of several claimants on a disputed fund.

This Court, however, was incorrect to suggest that this principle might apply to declaratory judgment actions. Indeed, the Third Circuit has made clear that it does not. As *Borman v. Raymark Industries* explains, the language of § 362(a)(1) applies to any suit against the debtor that could have been brought before the petition date *or* to an action to recover on a prepetition claim.¹⁰ "This disjunctive language

---

⁷ *Price & Pierce Int'l Inc. v. Spicers Int'l Paper Sales, Inc.*, 50 B.R. 25 (S.D.N.Y. 1985).

⁸ *See generally Assoc. of St. Croix Condo. Owners v. St. Croix Hotel Corp.*, 682 F.2d 446, 448 (3d Cir. 1982).

⁹ *Price & Pierce*, 50 B.R. at 26.

¹⁰ 11 U.S.C. § 362(a)(1) ("a petition filed under section 301, 302, or 303 of this title … operates as a stay, applicable to all entities, of … (1) the commencement or continuation … of a judicial, administrative, or other action or proceeding against the debtor that was or could have been

*In re AP Orangevale, LLC*, No. 23-10687
February 21, 2024
Page 5 of 5

clearly indicates that Congress intended for § 362(a)(1) to stay actions against the debtor that are not necessarily brought to recover a claim."[11]

The Third Circuit's statement in *Borman* is controlling. The declaratory judgment action that Cable Park seeks to assert against the debtor is subject to the automatic stay even if Cable Park only pursues a determination that it does not owe damages to the debtor. The Court will deny the motion for relief from the stay for the same reasons set forth on the record at the January 24, 2024 hearing with respect to the affirmative claim to recover attorneys' fees. Under the circumstances of this case, the Court believes it appropriate to afford the debtor a "breathing spell" from additional litigation pending the resolution of the unlawful detainer action. The Court will accordingly enter the debtor's proposed form of order.

Sincerely,

Craig T. Goldblatt
United States Bankruptcy Judge

---

commenced before the commencement of the case under this title, *or to recover a claim against the debtor that arose before the commencement of the case under this title*") (emphasis added). *See Borman v. Raymark Indus., Inc.*, 946 F.2d 1031, 1035 (3d Cir. 1991).

[11] *Borman*, 946 F.2d at 1035. *See also In re Johns-Manville Corp.*, 31 B.R. 965, 968-969 (S.D.N.Y. 1983) (holding that a declaratory judgment action by insurer seeking determination that it did not owe coverage to be subject to the automatic stay); *In re Enron*, 306 B.R. 465, 471 n.3 (Bankr. S.D.N.Y. 2004) (following *Johns Manville* and limiting *Price & Pierce* to interpleader actions).